JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant, Artez Garrett, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of possessing a weapon under disability and possessing a dangerous ordnance.
Police officers obtained a warrant to search an apartment for drugs, firearms, and other items relating to drug trafficking. When they executed the search warrant, they saw Garrett in front of the apartment building. He ran to the rear of the building, where the police apprehended him.
In the apartment, the police found a handgun and a sawed-off shotgun. They also retrieved a number of Garrett's personal papers that contained Garrett's name and the address of the apartment where the guns were recovered.
Garrett filed a motion to suppress with respect to the personal papers, arguing that they did not relate to drug activity and were therefore beyond the scope of search warrant. The trial court denied the motion.
The case proceeded to a bench trial. The trial court found Garrett guilty and sentenced him to two concurrent prison terms.
In his first assignment of error, Garrett argues that the convictions were based upon insufficient evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]
The statute governing possessing a weapon under a disability, R.C.2923.13(A)(3), provides that "[n]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." The statute governing possession of a dangerous ordnance, R.C.2923.17(A) provides that "[n]o person shall knowingly acquire, have, carry, or use any dangerous ordnance."
In the case at bar, Garrett concedes that he was under a legal disability at the time the warrant was executed and that the recovered weapons were as alleged in the indictment. His argument is that there was insufficient evidence that he possessed the weapons.
We find no merit in Garrett's argument. The officers recovered the weapons in a residence where a number of Garrett's personal papers were found. Thus, the state proved that he had a possessory interest in the premises. That evidence, coupled with Garrett's flight when the officers arrived to execute the search warrant, was sufficient to establish that he possessed the weapons. The first assignment of error is overruled.
In his second and final assignment of error, Garrett argues that the trial court erred in overruling his motion to suppress the personal papers recovered from the residence. Officers executing a search warrant are permitted to seize items not specifically described in the warrant where those items are closely related to the purpose of the search.[2]
Here, the items seized tended to establish that Garrett had a possessory interest in the premises and therefore in the firearms that were recovered from the premises. The papers were thus closely related to the purpose of the search.
Moreover, as the state aptly notes, even had the papers themselves been excluded from evidence, the officers who had executed the warrant would have been permitted to testify about what they had seen when searching the apartment for papers relating to drug activity. Any error in admitting the documents themselves was thus harmless beyond a reasonable doubt. The second assignment of error is overruled.
Although we have overruled both assignments of error, we note that there is a typographical error in the trial court's judgment entry. Whereas the entry indicates that Garrett was sentenced to concurrent terms of imprisonment for counts one and two of the indictment, it is clear from the record that the trial court intended to impose sentences on counts one and three. We therefore modify the entry to reflect that Garrett was sentenced to concurrent one-year terms of imprisonment on counts one and three, and that count two was merged for the purpose of sentencing.
Therefore, the judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] See, e.g., State v. McGettrick (1988), 40 Ohio App.3d 25,29, 531 N.E.2d 755.